By the Court.
This case originated in the common pleas court of Wyandot county where defendant in error brought an. action against the plaintiff in error to recover damages on account of personal injuries. It was alleged in the petition, in substance, that there was a public highway in Wyandot county running east from Upper San-dusky, which highway ha'd adjacent thereto in an unprotected condition a perpendicular wash bank more than eight feet high having an immediate connection with the highway, and that plaintiff in error had carelessly and negligently failed and omitted to protect by suitable guardrails or otherwise this perpendicular wash bank. The claim was made by defendant in error that while riding in his automobile over and upon this public highway, along where the wash bank was adjacent thereto *264 and had immediate connection therewith, his automobile skidded toward said wash bank, and, for the want of suitable guardrails or other protection, the automobile ran down said bank, turned over, and he received certain injuries for which he asked damages.
The case was submitted to a jury upon the pleadings and the evidence and resulted in a verdict for plaintiff in error. A motion for a new trial was overruled and judgment was rendered on the verdict. Error was prosecuted to the court of appeals and the judgment of the common pleas court was reversed for errors in the admission of evidence and in the charge of the court, and the cause was remanded for a new trial. Upon application of plaintiff in error the court of appeals was directed to certify its record to this court.
The right of defendant in error to recover in this action, if at all, is by force of the provisions of Sections 7563 and 7565, General Code. Section 7563 provides, among other things, that the board of county commissioners shall protect, by suitable guardrails, all perpendicular wash banks more than eight feet in height, where such banks have an immediate connection with a public highway, or are adjacent thereto, in an unprotected condition; and under the provisions of Section 7565 the county is made liable for all accidents or damages as a result of the failure to comply with the provisions of Section 7563. Section 7563, being in derogation of the common law, is not to be extended beyond the plain meaning of its terms. The Board of *265 County Commissioners of Franklin County v. Darst, 96-Ohio St., 163.
Section 7563 does not require the county commissioners to protect by suitable guardrails all wash banks more than eight feet in height — those to be protected are perpendicular wash banks. Assuming for the purposes of this case that the bank in question is a wash bank, it appears from the evidence that its slope was made a foot and one-half to the foot and its declivity was of an angle of approximately forty-five degrees, which is certainly not a perpendicular bank within the plain meaning of that term as used in the section under consideration. We are constrained to hold, therefore, that the statute upon which defendant in error relies for a recovery has no application here and that the judgment of the court of common pleas was correct.

Judgment of the court of appeals reversed and that of the court of common pleas affirmed.

Nichols, C. J., Newman, Jones, Matthias and Johnson, JJ,, concur,